```
PHILLIP A. TALBERT
United States Attorney
SAM STEFANKI
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America
```

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALICIA McCOY,<br><br>Defendant. | CASE NO. 2:19-CR-00043-TLN<br><br>STIPULATION RE DISSEMINATION OF DISCOVERY MATERIALS; PROTECTIVE ORDER |

## STIPULATION

Pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, the United States of America (the "government") and defendant Alicia McCoy, by and through their respective counsel of record, stipulate and agree as follows, and respectfully request that the Court find and order the following:

1. McCoy recently obtained new counsel. The government will soon produce discovery to McCoy's new counsel containing personal identifying information of third parties subject to this stipulation and associated protective order.

2. Certain documents in the United States' discovery production contain names and personal identifying information of other individuals not charged in this case (hereinafter, the "Protected Material"). Such personal identifying information includes, but is not limited to, surnames, street addresses, telephone numbers, driver license numbers, Social Security numbers, dates of birth, and any other alphanumeric identifiers attributed to any person.

///

3. Any pages of discovery that contain no personal identifying information or which have had the personal identifying information completely redacted are not subject to this Order.

4. The Protected Material is now and will forever remain the property of the government. Protected Material is entrusted to defense counsel only for purposes of representation in this case. Defense counsel will return discovery or certify that it has been shredded at the conclusion of the case or upon the termination of defense counsel's document retention obligations, whichever is later.

5. Defense counsel will store Protected Material in a secure place and will use reasonable care to ensure that it is not disclosed to individuals not authorized to access such material under this agreement.

6. Counsel for the defendant shall not give Protected Material or any copy of Protected Material to any person other than counsel's staff, investigator, or retained expert(s). The terms "staff," "investigator," and "expert" shall not be construed to describe the defendant or any other person not either regularly employed by counsel or a licensed investigator or expert hired in this case.

7. Any person receiving Protected Material or a copy of Protected Material from defense counsel shall be bound by the same obligations as defense counsel and may not give Protected Material to anyone (except that Protected Material shall be returned to defense counsel). Defense counsel shall maintain a list of persons to whom any copies of Protected Material have been given.

8. The defendant may review Protected Material and be aware of its contents, but as of the date this Order is entered, shall not be given control of Protected Material or any copies thereof. Notwithstanding the foregoing, counsel is permitted to provide the defendant with copies of documents otherwise classifiable as Protected Material so long as counsel completely redacts all personal identifying information from those documents prior to providing them to the defendant.

9. Any Protected Material provided to the defendant by her counsel prior to entry of this Order shall be returned to defense counsel at the conclusion of the case or upon the termination of defense counsel's representation of the defendant.

10. Defense counsel shall advise government counsel of any subpoenas, document requests, or claims for access to the discovery by third parties in order that the government may take action to resist or comply with such demands as it may deem appropriate, to the degree that such advice does not

conflict with other of defense counsel's legal or ethical obligations arising from the presence of any subpoenas, document requests, or claims for access to the discovery by third parties.

11. The foregoing notwithstanding, after any trial confirmation hearing in this case, counsel, staff, and investigator for the defendant may make copies of Protected Material for trial preparation and presentation. Any copies must, however, remain in the possession of said counsel, staff, investigator, expert, or the Court.

IT IS SO STIPULATED.

Dated: June 13, 2022

PHILLIP A. TALBERT
United States Attorney

By: /s/ SAM STEFANKI
SAM STEFANKI
Assistant United States Attorney

Dated: June 13, 2022

/s/ KELLY BABINEAU
KELLY BABINEAU
Counsel for Defendant
ALICIA McCOY

### ORDER

IT IS SO ORDERED this 14th day of June, 2022.

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE