LAW OFFICE OF TODD D. LERAS
Todd D. Leras, CA SBN 145666
455 Capitol Mall, Suite 802
Sacramento, California 95814
(916) 504-3933
toddleras@gmail.com
Attorney for Defendant
ALICIA McCOY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ALICIA McCOY,<br><br>　　　　Defendant. | Case No.: 2:19-cr-043 DJC<br><br>STIPULATION AND ORDER CONTINUING STATUS CONFERENCE AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT<br><br>Date:　July 18, 2024<br>Time:　9:00 a.m.<br>Court: Hon. Daniel J. Calabretta |

Plaintiff United States of America by and through Assistant United States Attorney Sam Stefanki, and Attorney Todd D. Leras on behalf of Defendant Alicia McCoy, stipulate as follows:

1. Defendant McCoy requests to continue the status conference in this matter for a further status conference/potential change of plea hearing on August 15, 2024. The defense also moves to exclude time under the Speedy Trial Act between July 18,

ORDER CONTINUING STATUS CONFERENCE

2014, and August 15, 2024.

2. This case involves distribution of controlled substances through a portion of the internet known as the dark web. Attorney Kelly Babineau represented Defendant McCoy after she substituted in for Ms. McCoy's original counsel in June 2022. On January 31, 2023, California Governor Gavin Newsom appointed Ms. Babineau to be a judge of the Nevada County Superior Court. On February 7, 2023, Ms. Babineau submitted a request, entitled "Substitution of Appointed Counsel", requesting that Attorney Todd D. Leras substitute into this case as appointed counsel for Defendant McCoy. United States District Judge Dale A. Drozd approved the proposed substitution by an order filed on February 13, 2023. (ECF Document 235).

3. On April 6, 2023, Chief Judge Mueller issued an Order Reassigning Case from Judge Drozd to this Court for all further proceedings. The parties thereafter continued this matter periodically by stipulation. The parties appeared in person before the Court for a status conference on February 15, 2024. On that date, defense counsel explained the status of the case and notified the Court that he was about to start jury selection in the matter of *United States v. Yandell, Sylvester, and Troxell,* (Case Number 2:19-cr-0107 KJM) before Chief Judge Mueller. The *Yandell* case involved charges that each of the named defendants participated in a Rackateering Influenced Corrupt Organization, specifically the Aryan Brotherhood prison gang.

4. The *Yandell* case, which had previously been designated a complex case because it involved six homicides and five conspiracy to commit murder charges, proceeded to trial from February 26, 2024, to April 30, 2024.

ORDER CONTINUING STATUS CONFERENCE

5. The government previously produced as discovery approximately 3,000 pages of materials, including reports, videotapes, photographs, and other materials produced during investigation of this matter.  Ms. Babineau included these discovery materials within the file she released to substitute counsel.  Ms. McCoy is released on pre-trial conditions and lives in a suburb of Chicago.  She suffers from a variety of medical conditions that limit her ability to travel.  She was recently released from an extended period of hospitalization.  Due to preparations for and participation in the *Yandell* jury trial and Ms. McCoy's health conditions, several attempts to meet with her at her home proved unsuccessful.

6. Defense counsel and the defense investigator met with Ms. McCoy at her home in Illinois over the period from June 9 through 13, 2024.  During the meetings, defense counsel reviewed discovery materials, including videotaped interviews of Ms. McCoy and her two Codefendants in this case.  Ms. McCoy had not previously been provided with an opportunity to see and listen to the tapes.

7. Defense counsel also discussed a pending resolution proposal with Ms. McCoy while in Illinois.  Based on the discussions with Ms. McCoy, defense counsel believes that a negotiated disposition of this matter is likely to occur.  Defense counsel discussed potential revisions to the pending plea agreement with the assigned prosecutor after returning from the meetings with Ms. McCoy.  The government is considering potential changes to the settlement proposal due to these discussions.

8. The defense investigator also conducted mitigation investigation while in Illinois and is in the process of obtaining various medical records which are anticipated to be part

ORDER CONTINUING STATUS
CONFERENCE

of the defense sentencing mitigation materials offered to the Court. Given the continuing defense investigation and the potential for revisions to a pending resolution proposal, defense counsel requires additional preparation time. Defense counsel therefore requests to continue the status conference for a potential change of plea hearing/further status conference on August 15, 2024. The defense also requests to exclude time between July 18, 2024, and August 15, 2024, inclusive, under Local Code T-4. The United States does not oppose this request.

9. Attorney Todd Leras represents and believes that failure to grant additional time as requested would deny Defendant McCoy the reasonable time necessary for effective preparation, considering the exercise of due diligence.

10. Based on the above-stated facts, Defendant McCoy requests that the Court find that the ends of justice served by setting the status conference on the requested date outweigh the best interest of the public and the Defendant in a trial within the time prescribed by the Speedy Trial Act.

11. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, within which trial must commence, the time period of July 18, 2024, to August 15, 2024, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), and (B) (iv) [Local Code T-4] because it results from a continuance granted by the Court at Defendant McCoy's request on the basis that the ends of justice served by taking such action outweigh the best interest of the public and the Defendant in a speedy trial.

12. Nothing in this stipulation and order shall preclude a finding that other provisions of

ORDER CONTINUING STATUS
CONFERENCE

the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

Assistant U.S. Attorney Sam Stefanki has reviewed this proposed order and authorized Todd D. Leras via email to sign it on his behalf.

DATED: July 11, 2024

PHILLIP A. TALBERT
United States Attorney

By  */s/ Todd D. Leras for*
SAM STEFANKI
Assistant United States Attorney

DATED: July 11, 2024

By  */s/ Todd D. Leras*
TODD D. LERAS
Attorney for Defendant
ALICIA McCOY

ORDER CONTINUING STATUS CONFERENCE

**ORDER**

BASED ON THE REPRESENTATIONS AND STIPULATION OF THE PARTIES, it is hereby ordered that the status conference for this matter presently set on July 18, 2024, at 9:00 a.m., is vacated.  A new status conference/potential change of plea hearing is scheduled for August 15, 2024, at 9:00 a.m.  The Court further finds, based on the representations of the parties and Defendant McCoy's request, that the ends of justice served by granting the continuance outweigh the best interests of the public and the Defendant in a speedy trial.  Time shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(iv) and Local Code T-4, to allow necessary attorney preparation taking into consideration the exercise of due diligence for the period from July 18, 2024, up to and including August 15, 2024.

IT IS SO ORDERED.

Dated:  July 12, 2024                                                /s/ Daniel J. Calabretta
                                                                                    THE HONORABLE DANIEL J. CALABRETTA
                                                                                    UNITED STATES DISTRICT JUDGE

ORDER CONTINUING STATUS CONFERENCE