LAW OFFICE OF TODD D. LERAS
Todd D. Leras, CA SBN 145666
455 Capitol Mall, Suite 802
Sacramento, California 95814
(916) 504-3933
toddleras@gmail.com
Attorney for Defendant
ALICIA McCOY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>ALICIA McCOY,<br><br>  Defendant. | Case No.: 2:19-cr-043 DJC<br><br>STIPULATION AND ORDER CONTINUING STATUS CONFERENCE AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT<br><br>Date:  September 26, 2024<br>Time:  9:00 a.m.<br>Court: Hon. Daniel J. Calabretta |

Plaintiff United States of America by and through Assistant United States Attorney Sam Stefanki, and Attorney Todd D. Leras on behalf of Defendant Alicia McCoy, stipulate to the following matters, which they believe constitute good cause to continue this matter for change of plea hearing:

1. Defendant McCoy requests to continue this matter for a change of plea hearing to be set on November 14, 2024.  The defense also moves to exclude time under the

ORDER CONTINUING STATUS CONFERENCE

Speedy Trial Act between September 26, 2024, and November 14, 2024.

2. This case involves distribution of controlled substances through a portion of the internet known as the dark web. Attorney Kelly Babineau represented Defendant McCoy after she substituted in for Ms. McCoy's original counsel in June 2022. On January 31, 2023, California Governor Gavin Newsom appointed Ms. Babineau to be a judge of the Nevada County Superior Court. On February 7, 2023, Ms. Babineau submitted a request, entitled "Substitution of Appointed Counsel", requesting that Attorney Todd D. Leras substitute into this case as appointed counsel for Defendant McCoy. United States District Judge Dale A. Drozd approved the proposed substitution by an order filed on February 13, 2023. (ECF Document 235).

3. On April 6, 2023, Chief Judge Mueller issued an Order Reassigning Case from Judge Drozd to this Court for all further proceedings. The parties thereafter continued this matter periodically by stipulation, particularly while defense counsel was engaged earlier this year in a lengthy jury trial before Chief Judge Mueller in *United States v. Yandell,* Case No. 2:19-cr-0109 KJM. The parties appeared in person before the Court for a status conference on August 15, 2024. On that date, defense counsel explained the status of the case. Ms. McCoy is released on pre-trial conditions near her home in suburban Chicago. The parties negotiated a revised settlement agreement which the government approved and emailed to defense counsel one week before the August 15th status conference.

4. The Court noted the age of the case at the August 15th hearing and agreed to set the matter for a change of plea hearing on September 26, 2024, without setting a trial

ORDER CONTINUING STATUS CONFERENCE

date, cautioning that any additional continuance of the matter might make the setting of a trial date necessary.

5. Defense counsel thereafter continued preparing Ms. McCoy for a potential change of plea via telephone conferences with her. However, on September 10, 2024, Ms. McCoy underwent emergency surgery for a serious medical condition. Her medical records related to the procedure are being filed separately under seal to protect the confidentiality of her records. She is presently unable to travel to Sacramento for a change of plea hearing. For reasons related to, among other things, her post-operative treatment, it appears that she will not be able to travel for approximately six weeks. The defense is therefore requesting to continue this matter for change of plea hearing to November 14, 2024. The government does not oppose the request and is not requesting the setting of a jury trial date in light of the unusual circumstances resulting from Ms. McCoy's emergency surgery.

6. The government previously produced as discovery approximately 3,000 pages of materials, including reports, videotapes, photographs, and other materials produced during investigation of this matter. Ms. Babineau included these discovery materials within the file she released to substitute counsel.

7. Defense counsel and the defense investigator met with Ms. McCoy at her home in Illinois, following conclusion of the *Yandell* jury trial, over the period from June 9 through 13, 2024. During the meetings, defense counsel reviewed discovery materials, including videotaped interviews of Ms. McCoy and her two Codefendants in this case. Ms. McCoy had not previously been provided with an opportunity to see

ORDER CONTINUING STATUS CONFERENCE

and listen to the tapes. The pending revised plea agreement is a product, in part, of discussions with Ms. McCoy following the discovery review meetings with her in Chicago.

8. The defense investigator also conducted mitigation investigation while in Illinois, including making efforts to obtain voluminous medical records which are anticipated to be part of the defense sentencing mitigation materials offered to the Court. The defense investigator is presently seeking to obtain additional records related to Ms. McCoy's recent emergency medical procedure. These records are also anticipated to be part of the defense mitigation information offered to the Court at the Sentencing Hearing.

9. Based on Ms. McCoy's recent surgery, defense counsel requires additional preparation time. Defense counsel therefore requests to continue the change of plea hearing to November 14, 2024. The defense also requests to exclude time between September 26, 2024, and November 14, 2024, inclusive, under Local Code T-4. The United States does not oppose this request.

10. Attorney Todd Leras represents and believes that failure to grant additional time as requested would deny Defendant McCoy the reasonable time necessary for effective preparation, considering the exercise of due diligence.

11. Based on the above-stated facts, Defendant McCoy requests that the Court find that the ends of justice served by setting the status conference on the requested date outweigh the best interest of the public and the Defendant in a trial within the time prescribed by the Speedy Trial Act.

12. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, within which trial must commence, the time period of September 26, 2024, to November 14, 2024, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), and (B) (iv) [Local Code T-4] because it results from a continuance granted by the Court at Defendant McCoy's request on the basis that the ends of justice served by taking such action outweigh the best interest of the public and the Defendant in a speedy trial.

13. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

Assistant U.S. Attorney Sam Stefanki has reviewed this proposed order and authorized Todd D. Leras via email to sign it on his behalf.

DATED: September 23, 2024

PHILLIP A. TALBERT
United States Attorney

By   */s/ Todd D. Leras for*
SAM STEFANKI
Assistant United States Attorney

DATED: September 23, 2024

By   */s/ Todd D. Leras*
TODD D. LERAS
Attorney for Defendant
ALICIA McCOY

ORDER CONTINUING STATUS CONFERENCE

**ORDER**

BASED ON THE REPRESENTATIONS AND STIPULATION OF THE PARTIES AND GOOD CAUSE APPEARING TO EXIST, it is hereby ordered that the change of plea hearing presently set on September 26, 2024, at 9:00 a.m., is vacated.  A new change of plea hearing is scheduled for November 14, 2024, at 9:00 a.m.  The Court further finds, based on the representations of the parties and Defendant McCoy's request, that the ends of justice served by granting the continuance outweigh the best interests of the public and the Defendant in a speedy trial.  Time shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(iv) and Local Code T-4, to allow necessary attorney preparation taking into consideration the exercise of due diligence for the period from September 26, 2024, up to and including November 14, 2024.  The parties are aware that any further continuance of the change of plea hearing without the setting of a trial date will be denied in the absence of good cause.

IT IS SO ORDERED.

DATED:  September 23, 2024                    /s/ Daniel J. Calabretta
                                              THE HONORABLE DANIEL J. CALABRETTA
                                              UNITED STATES DISTRICT JUDGE

ORDER CONTINUING STATUS CONFERENCE